Hearing Date: July 7, 2015 at 10:00 am  
Objection Deadline: June 2, 2015 at 4:00 pm  
(upon agreement with Trustee)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| TGAG, LLC, | : | Case No. 13-22403-rdd |
| Debtor. | : | |

_____x

**RESPONSE OF GODDARD SYSTEMS, INC. TO TRUSTEE'S MOTION FOR AN ORDER APPROVING PROCEDURES IN CONNECTION WITH THE PROPOSED SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS**

Goddard Systems, Inc. ("GSI"), the franchisor of The Goddard School® preschools, hereby submits this response to the Trustee's Motion For An Order Approving Procedures In Connection With The Proposed Sale Of Substantially All Of The Debtor's Assets (the "Sale Procedures Motion"). As and for its response to the Sale Procedures Motion, GSI respectfully represents as follows:

**PRELIMINARY STATEMENT**

GSI is the franchisor of THE GODDARD SCHOOL® businesses and the franchisor of the Debtor's business pursuant to that certain franchise agreement dated as of October 29, 2009, as amended and restated. In February 2015, at a time when this Court was faced with a request from the Office of the United States Trustee to dismiss the chapter 11 case, GSI advocated a conversion of the chapter 11 case to chapter 7 and the appointment of a trustee with authority under section 721 of the Bankruptcy Code to operate the Debtor's business pending a sale of the franchised school. To date, the Trustee, with GSI's assistance, has successfully operated the Debtor's business and avoided what could have been an abrupt closure of the School and displacement of children.

While GSI recognizes the Trustee's duty to maximize value for the Debtor's estate, GSI submits that there exist significant impediments to any attempted sale of the Debtor's business as an independent school. Without waiving any of GSI's rights to object to the sale, and subject to the results of the actual bidding process, GSI is generally supportive of the Trustee's sale process subject to the modifications to the bidding procedures proposed herein. Given the nature of the Debtor's business, there are significant public safety and welfare concerns that transcend the customary sale procedures in a 363 sale context, including applicable state licensing laws and procedures. In this regard, "who the buyer is" is particularly important in this case, as contrasted with many 363 sales where the purchase price may be the sole consideration. To this end, GSI respectfully requests that any order entered on the Sale Procedures Motion incorporate certain additional Bid Terms and Conditions of Sale, all of which are intended to weed out buyers not suitable to operate a child care facility and facilitate a smooth transition of the facility's operating license.

## PROPOSED ADDITIONAL BIDDING PROCEDURES

Based on the foregoing, GSI submits that the following additional procedures be incorporated into any order approving the Sale Procedures Motion:

- A Bidder's qualifying bid shall include a representation that the buyer's purchase of the Acquired Assets shall not be in breach of any contractual duties, terms and restrictions contained in any contract or covenant of the Debtor or any contract between and among the Bidder and any third party(ies).

- If the proposed Bidder is an entity, such bidder shall provide documentation to the Trustee evidencing the ownership of any such entity including the names and addresses of all members and/or shareholders thereof and other relevant information as requested by the Trustee.

- In evaluating the highest or best offer, the Trustee shall consider non-monetary factors including, without limitation, the following:

2

- o A Bidder's ability to obtain the requisite approval(s) and/or license(s) to operate a child care facility;

- o A Bidder's background check (if available to the Trustee) and/or a Bidder's willingness to undergo a background check at the Trustee's request, including a background check for each member, shareholder and/or principal of the bidding entity as well as the manager(s) and/or director(s) that will be responsible for operating the facility on a day-to-day basis;

- o Applicable non-bankruptcy law and regulations governing the sale and operation of the Debtor's business;

- o Potential claims against the Debtor's estate or other potential liability risks associated with any bid or post-sale operation;

- o The terms, conditions and/or limitations of the Debtor's current operating license;

- o The requirements under any contract with the Debtor related to the operation of the Debtor's business;

- o Evidence that a qualifying Bidder qualifies for insurance to operate the business;

- o The extent to which the estate may have claims against any qualified Bidder;

- o The ability of the Bidder to operate the child care facility without post-sale business interruption; and

- o The ability of the Bidder to obtain all required licenses and clearances as quickly as practicable.

- In determining whether a qualified bid is highest or best, the Trustee shall not consider the extent to which Clearbid earns or fails to earn a commission on any resulting sale.

## RESERVATION OF RIGHTS

GSI expressly reserves its right to: (i) amend, modify and/or supplement this Response at any time prior to or at the hearing to consider the Sale Procedures Motion; and (ii) make such other and further objection and claims as may be appropriate, including, without limitation, its right to object to the Sale based on the limitations and/or requirements under applicable non-bankruptcy law and/or pursuant to the Trustee's obligations under agreements between GSI and the Debtor.

## CONCLUSION

GSI respectfully requests that any Order approving the Sale Procedures Motion and Bid Terms and Conditions of Sale incorporate the additional terms and conditions proposed by GSI as set forth herein.

Dated: Garden City, New York
      July 2, 2015

                                  MORITT HOCK & HAMROFF LLP

                          By:    /s/ Theresa A. Driscoll
                                  Leslie A. Berkoff
                                  Theresa A. Driscoll
                                  400 Garden City Plaza
                                  Garden City, New York 11530
                                  (516) 873-2000

                                  *Attorneys for Goddard Systems, Inc.*